**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY K. MORRISON, | No. 11-71691 |
| Petitioner - Appellant, | Tax Ct. No. 18140-03 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the United States Tax Court

Submitted August 23, 2012[**]
San Francisco, California

Before: HUG, PAEZ, and BERZON, Circuit Judges.

Petitioner-Appellant Bradley K. Morrison appeals from the Tax Court's

denial of his motion for litigation costs under 26 U.S.C. § 7430.  We affirm the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tax Court.

On appeal, Morrison does not argue, as he did in the Tax Court, that the joint attorney engagement letter establishes an absolute obligation to repay Caspian for the amounts Caspian paid to counsel on Morrison's behalf. Nor does he argue, as he did in the Tax Court, that he and Nariman Teymourian orally agreed as part of the stock buyout agreement that if Morrison ultimately recovered fees, Morrison would repay Caspian. We therefore do not address those abandoned arguments. *See, e.g.*, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Although Morrison's argument on appeal is not perfectly clear, he seems to argue that Caspian's payment of Morrison's litigation costs, combined with Teymourian's own understanding that Morrison would reimburse Caspian for any costs recovered from the IRS, constituted an implied in fact contract obligating Morrison to reimburse Caspian. Morrison never presented this precise argument in the Tax Court and has provided no justification for his failure to do so. We therefore deem this late-raised argument waived. *See Monetary II Ltd. P'ship. v. CIR*, 47 F.3d 342, 347 (9th Cir. 1995); *Melvin v. CIR*, 894 F.2d 1072, 1076 (9th Cir. 1990) (per curiam).

We would reject Morrison's argument on the merits even if we were to consider it properly presented. An implied in fact agreement only exists where

2

there is a "'meeting of minds'" that can be "'inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 424 (1996) (quoting *Baltimore & O.R. Co. v. United States*, 261 U.S. 592, 597 (1923)). Morrison points to no evidence in the record that establishes any mutual understanding between Morrison and Teymourian that Morrison would repay Caspian. As the Tax Court found, Teymourian "simply assumed that Caspian would be entitled to a recovery of attorney's fees because Caspian paid them . . . . Teymourian's assumption [was not] an obligation assumed by [Morrison]." There is simply no evidence from which to infer that Morrison shared in Teymourian's understanding that Morrison would be obligated to repay Caspian should he recover fees.

Because Morrison has not raised any other arguments on appeal, we need not and do not decide whether Morrison, as "a prevailing taxpayer who did not himself pay fees and is not liable for repayment of fees to a third party," nonetheless "incurred" fees under 26 U.S.C. § 7430 in some other sense. *See Morrison v. CIR*, 565 F.3d 658, 666 n.7 (9th Cir. 2009).

AFFIRMED.